IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| HENRY PETTIGREW | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:10cv54 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Henry Pettigrew, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of post-conviction actions taken by the Texas state courts. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Pettigrew was convicted of murder in 1990, receiving a sentence of 99 years in prison. He took a direct appeal, and his conviction was affirmed, and unsuccessfully sought state habeas corpus relief. Pettigrew also filed a previous federal habeas petition challenging the conviction in this case, which was dismissed due to the expiration of the statute of limitations.

In the present petition, Pettigrew does not challenge his conviction *per se*, but says that on September 24, 2009, he filed an appeal regarding orders entered by the trial court on September 10, and September 14, 2009. These orders concerned Pettigrew's attempts to supplement the record on appeal, despite the fact that the appeal had long since become final. On September 30, 2009, The trial court ordered appointment of counsel to pursue the appeal. However, Pettigrew says, on September 25, the Court of Appeals notified him to correct deficiencies in the notice of appeal to reflect that the appellate court had jurisdiction. He filed a *pro se* amended appeal and notified his

1

attorney, but counsel did not respond and did not file an amended notice of appeal to correct the deficiency.

The appeal was dismissed on October 14, 2009. Counsel sought reinstatement by filing a motion for rehearing, which was denied. Pettigrew complains that counsel's defective performance deprived him of his right to appeal, thus "allowing a constitutionally invalid conviction and sentence to stand."

Pettigrew then filed a state habeas petition complaining of the ineffective representation he had received, but no hearing was held and the petition was summarily denied on January 27, 2010. He complains that he was denied appointment of counsel and that he was denied "meaningful access to court." The Respondent had been ordered to answer and did so. Pettigrew has filed a response to the answer.

The state appellate court held that appeals in criminal cases could only be taken from judgments of conviction and that the orders which Pettigrew appealed were not judgments of conviction, and so the appellate court lacked jurisdiction. Pettigrew was notified that the information received in the appeal did not contain a final judgment or other appealable order, and the appeal would be dismissed if the notice was not amended to show the jurisdiction of the court. Pettigrew filed copies of the orders which he wanted to appeal and an amended notice of appeal, but the Court of Appeals held that these did not show the jurisdiction of the court and dismissed the appeal for want of jurisdiction.

Pettigrew then filed a mandamus petition challenging the trial court's rulings on the orders complained of, but mandamus relief was denied on the ground that the trial court lacked jurisdiction to consider the motions. In addition, the appeals court said that the trial court lacked plenary power of the judgment and so the appellate record could no longer be supplemented as Pettigrew sought. Thus, the Court of Appeals said, Pettigrew is not entitled to mandamus relief.

After review of the pleadings and records, the Magistrate Judge issued a Report on June 27, 2010, recommending that the petition be dismissed. The Magistrate Judge concluded that: Pettigrew

had no right to assistance of counsel in the post-conviction proceedings; even if he did have such a right, he failed to show that the assistance of counsel which he received was ineffective because he had not shown that but for counsel's actions, the result of the proceeding would probably have been different; and infirmities in state habeas corpus or other collateral proceedings do not constitute grounds for federal habeas corpus relief. The Magistrate Judge therefore recommended that the petition be dismissed and that Pettigrew be denied a certificate of appealability *sua sponte*.

Pettigrew filed objections to the Magistrate Judge's Report on July 7, 2010. In his objections, Pettigrew says that: his petition is not time-barred; the trial court had the authority to correct the record because Pettigrew had learned that part of the record on appeal was missing or had been destroyed; this fact deprived him of a meaningful appeal, requiring that he receive a new trial; a fundamental error may be considered by the trial court in the interest of justice; and he has a right to effective assistance of counsel on appeal.

Pettigrew's objections have no merit. The Magistrate Judge did not recommend dismissal based upon a time bar. The state court of appeals held that the trial court lacked authority to consider Pettigrew's motions and could not supplement the record on appeal because the trial court lacked plenary power over its judgment. These proceedings were collateral to Pettigrew's conviction and were not part of a direct appeal, which had long since concluded, and the Magistrate Judge correctly determined that Pettigrew has no constitutional right to counsel in collateral proceedings, whether or not the state trial court appointed an attorney to represent him in his appeal. Even if Pettigrew did have a right to assistance of counsel, the Magistrate Judge correctly determined that Pettigrew failed to show that but for counsel's allegedly deficient performance, the result of the proceeding would probably have been different. The Court of Appeals clearly said that the trial court lacked jurisdiction to consider Pettigrew's motions and that the appellate court lacked jurisdiction over the appeal, and Pettigrew has failed to show what counsel could have done which would have achieved a different result. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, including the Petitioner's application for habeas corpus relief, the answer filed by the Respondent, the Petitioner's response thereto, the state court records, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 18) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Henry Pettigrew is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 9th day of July, 2010.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE